[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S EXCEPTION TOATTORNEY TRIAL REFEREE'S REPORT
This is an action brought by the plaintiff Danbury Mall Associates Limited Partnership against the defendant Paul R. Rossi, aka Sweet Temptations, to recover sums claimed to be due and owing for rent and other miscellaneous charges under a written lease of premises owned by the plaintiff and leased to the defendant and for use and occupancy of the premises by the defendant after the lease was terminated by the plaintiff for nonpayment of rent by the defendant. The plaintiff also seeks to recover for costs and attorney's fees incurred by the plaintiff in bringing a summary process action against the defendant to recover possession of the premises. The defendant filed a counterclaim seeking damages for violation by the plaintiff of the Connecticut Unfair Trade Practices Act (CUTPA).
A trial was held before Attorney Trial Referee Lorraine D. Eckert, who recommended judgment for the plaintiff in the amount of $45,029.31, plus $15,165.58 for costs and attorney's fees. The defendant filed a motion to correct relating to finding No. 22 of the attorney trial referee's report, which the attorney trial referee denied. The defendant thereafter filed an exception to attorney trial referee's report seeking correction of finding No. 22.
Finding No. 22 of the attorney trial referee's report states:
 The issues raised by Defendant's counterclaim, namely violation of Connecticut law known as "CUTPA," were properly before the court and adjudicated in a prior action between the same parties in the Superior Court, Geographical Area 3, Danbury, Connecticut, CV-91-4151S (Plaintiff's Exhibit No, 1, 2). Defendant had an adequate opportunity to litigate the matter. This is in accord with the holding in the case of FELLOWS V. MARTIN, 217 Conn. 57 (1991). Defendant maintains that the court issued no Memorandum of Decision in explanation of its ruling and therefore it CT Page 9161 cannot be determined that the issues were properly before the court and adjudicated, but the burden is on the Defendant to secure such a Memorandum.
The attorney trial referee's decision re: defendant's motion to correct states:
 Finding No. 22 is not meant to imply that Defendant relied on the absence of a Memorandum of Decision in the prior action as evidence that the court did not consider the CUTPA claim, rather the absence of the Memorandum does not substantiate the claim that CUTPA was not considered and that Defendant did not have the opportunity to litigate the issue. Finding No. 22 relies on the doctrine of collateral estoppel; the factual determination in the prior action that there was no CUTPA violation bars renewal of that claim in the instant action.
The defendant argues that the attorney trial referee misstated the ground upon which the defendant relies in claiming that the CUTPA issues were not properly before the court in the summary process action. The defendant claims that he did not argue that the CUTPA counterclaim was not considered by the court in the prior summary process action, but rather "that the CUTPA counterclaim was not properly before the [summary process court] and therefore the Court had no jurisdiction to consider or rule upon the issue. The CUTPA claim for money damages could not and should not have been considered in the prior action." The defendant relies on the holding in Fellows v. Martin, supra, at page 70, as follows:
 We affirm the dismissal of the counterclaim to the extent that it claimed damages, because its prayer for monetary relief did not implicate the right to possession.
The defendant's counterclaim in the present action alleges unfair and deceptive trade practices. In answer to the counterclaim, the plaintiff pled the special defense that the rights and liabilities of the parties concerning the matter set forth in the counterclaim were expressly put in issue and CT Page 9162 determined and adjudicated by a judgment in the prior summary process action. In the prior action, the summary process court entered judgment in favor of the plaintiff on both the plaintiff's complaint and the defendant's counterclaim.
The claims set forth in the defendant's counterclaim in the present action are identical to those set forth in count one and count four of the defendant's counterclaim in the summary process action. The same CUTPA issues claimed by the defendant in the present action were fully litigated in the summary process action and relitigation of them in the present action is barred. See Jackson v. R. G. Whipple, Inc.,225 Conn. 705, 711-18 (1993),[.]
The defendant's reliance upon the Fellows case is misplaced, since the court in the prior summary process action in this matter heard and considered the defendant tenant's arguments in equity in the same way in which the summary process court had in Fellows.
For the reasons stated above, the defendant's exception to the attorney trial referee's report is overruled.
Hendel, J.